**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JULIUS L. ALI EL                                                             PETITIONER

V.                                   NO. 5:14CV00283-BSM-JTR

AARON DUVALL, Sheriff,                                          RESPONDENT
Pope County Jail

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written

1

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Background

On July 22, 2014, this Petition for Writ of Habeas Corpus was filed on behalf of Julius L. Ali El, and the filing fee was paid. *Doc. 1*. According to the Petition, while Petitioner was "traveling via leisure to California," he was "kidnapped and remanded to the Pope County, Arkansas Jail unlawfully," in violation of his rights under the federal habeas statutes, the United States Constitution and international

law. *Id. at 2-3*.

On July 30, 2014, this Court entered an Order directing Petitioner to correct two deficiencies. *Doc. 2*.

First, Petitioner did not sign the Petition himself. Instead, it was signed by William Hall El, who asked to be allowed to act as "next friend." *Doc. 1, at 4*. The Court found that Mr. Hall El did not qualify to proceed as "next friend" and advised Petitioner that any petition needed to be signed by him. *See* 28 U.S.C. § 2242 (habeas application must be signed and verified "by the person for whose relief it is intended" or "by someone acting in his behalf"); Rule 2(c)(5), Rules Governing § 2254 Cases in United States District Courts (habeas petition must be "signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."); *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990) (limited circumstances for establishing "next friend" status).

Second, the Petition did not provide sufficient information for the Court to determine if Petitioner's federal habeas action should be allowed to proceed.[1] *See* § 2254 Rule 2(d) (federal habeas petition "must substantially follow" standard § 2254

---

[1]For example, the Petition did not state: (1) whether Petitioner was challenging pending criminal charges, or a judgment of conviction that had been entered by a state court; (2) whether any criminal proceedings had been held or were scheduled to be held on the criminal charges that were the basis for his detention, the nature and date of all such criminal proceedings, the court in which the proceedings had been or would be held, and if applicable, the outcome of the proceedings; and (3) what steps he had taken to challenge the legality of his detention through the state court system.

form); § 2254 Rule 4 (a federal court should summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court").

Because of these deficiencies, the Court provided Petitioner with the standard form for filing a 28 U.S.C. § 2254 petition, and ordered him to: (1) fully complete the applicable sections of the § 2254 Petition; (2) sign and date the Petition on the applicable page; and (3) file the completed and signed Petition with the Court on or before September 2, 2014. The Court advised Petitioner that, if he failed to timely file a completed and signed § 2254 Petition by September 2, 2014, his habeas action could be dismissed without prejudice. The Clerk of the Court certified mailing the July 30, 2014 Order to Petitioner at the last address provided,[2] and it was not returned as undelivered.

The deadline for responding has expired, and Petitioner has not filed anything with this Court. In fact, nothing has been filed in this action since Mr. Hall El, as "next friend," filed the initial Petition on July 22, 2014.

---

[2]According to the Pope County Jail, Petitioner was released from that facility, on probation, on September 8, 2014. Petitioner has not advised the Court of a change of address.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT this Petition for Writ of Habeas

Corpus, *Doc. 1*, be DISMISSED WITHOUT PREJUDICE for failure to comply with

Local Rule 5.5(c)(2),[3] failure to respond to the Court's order, and failure to prosecute

the action diligently.[4] IT IS FURTHER RECOMMENDED that a Certificate of

Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules

Governing § 2254 Cases in United States District Courts.

DATED THIS   7th   DAY OF October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3]Rule 5.5(c)(2), of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)

[4]*See* Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).